1  RICHARD G. CAMPBELL, JR.
   California Bar No.: 109131
2  ARMSTRONG TEASDALE, LLP
   50 West Liberty Street, Suite 950
3  Reno, Nevada 89501
   Telephone No.: (775) 322-7400
4  Facsimile No. : (775) 322-9049
   rcampbell@armstrongteasdale.com
5
   Attorneys for Defendants
6  *Diamond Pet Food Processors of
   California, LLC, and Diamond Pet Food*
7  *Processors of Ripon, LLC and Mark
   Ferguson*
8
                    **UNITED STATES DISTRICT COURT**
9
                     **EASTERN DISTRICT OF CALIFORNIA**
10

11

12  CHARLES MCGROTHERS,                    CASE NO.

            Plaintiff,
13
    v.                                     **PETITION FOR REMOVAL OF CIVIL**
14                                         **ACTION**

15  DIAMOND PET FOOD PROCESSORS
    OF CALIFORNIA, LLC, a Missouri
16  Limited Liability Company; DIAMOND
    PET FOOD PROCESSORS OF RIPON,
17  LLC, a Missouri Limited Liability
    Company; MARK FERGUSON, an
18  individual with California citizenship; and
    DOES 1 to 100, inclusive,

19          Defendants.

20
            Comes now Petitioners DIAMOND PET FOOD PROCESSORS OF CALIFORNIA, LLC
21
    and DIAMOND PET FOOD PROCESSORS OF RIPON, LLC, and MARK FERGUSON
22
    (hereinafter "Petitioners") by and through undersigned counsel, and hereby submits the following
23
    "short and plain statement of the grounds for removal" of the above-entitled matter pursuant to 28
24
    U.S.C. §1446.
25
                                           I.
26
            Petitioners are defendants in the above-entitled action.
27
                                           II.
28
            The above-entitled action was commenced by Plaintiff CHARLES McGROTHERS in the

                                           1

Superior Court of California, San Joaquin County on June 13, 2013. Petitioner accepted service of the Complaint was affected on August 20, 2013. A copy of the Complaint served is attached here to as Exhibit "A."

III.

This Petition for Removal is timely pursuant to 28 U.S.C. § 1446(b).

IV.

This action is a civil action over which this Court has jurisdiction based on alleged violations of the Family and Medical Leave Act pursuant to 29 U.S.C. § 2601 et seq., as alleged in paragraphs 25 and 26, and in Counts 3, 4 and 5 of the Complaint, and is one which may be removed to this Court by Petitioners pursuant to 28 U.S.C. § 1441(b).

V.

Petitioners are informed, believe and thereon allege that Plaintiff CHARLES MCGROTHERS was at the time this action was commenced, a citizen of the State of California.

VI.

Petitioners were at the time this action was commenced, Missouri Limited Liability Companies with their principal place of business in the state of Missouri.

VII.

Petitioner MARK FERGUSON, was at the time this action commenced an individual with California citizenship residing in San Joaquin County, California.

VIII.

The above-entitled civil action is for alleged discrimination against Plaintiff CHARLES MCGROTHERS on the basis of medical condition discrimination of the California Fair Employment and Housing Act, Section 12940 et seq. of the Government Code, wrongful termination in violation of public policy of the State of California as expressed in Government Code Section 12900 et seq., violation of the Family Medical Leave Act 29 USCS §§2614, 2615; violation of the California Family Rights Act - Retaliation Government Code § 12945.2(1), unlawful Termination of Health Insurance Benefits CCR § 7297.7, and violation of the California Family Rights Act - Failure to Restore To Original Position 2 CCR § 7297.2.

1

IX.

2   Based on the allegations in the Complaint, Plaintiff appears to seek damages according to law

3   and proof of medical condition discrimination, wrongful termination in violation of public policy,

4   violation of FMLA, costs of suit, economic damages, attorneys' fees, expert fees as well as actual,

5   special and punitive damages.

6

X.

7   Pursuant to 28 U.S.C. § 1446(d), Petitioners shall give written notice to all adverse parties

8   and shall file a copy of the instant *Petition for Removal of Civil Action* with the clerk of the Superior

9   Court San Joaquin County California, filed under a *Notice of Filing Petition for Removal to Federal*

10   *Court*.

11

XI.

12   Pursuant to 28 U.S.C. § 1446(a), a copy of process, pleadings, and orders served upon

13   Petitioners in the above-entitled action to date are attached hereto as Exhibit "A."

14

**PRAYER**

15   WHEREFORE, Petitioners pray that the above-entitled action be removed to this Court from

16   the Superior Court of California for San Joaquin County.

17

18   DATED: This 18th day of September 2013.          ARMSTRONG TEASDALE LLP

19

20

By: _____

21          RICHARD G. CAMPBELL, JR.
            50 West Liberty, Suite 950
22          Reno, Nevada 89501
            Telephone:  775.322.7400
23          Facsimile:  775.322.9049

24          Attorneys for Defendants
            *Diamond Pet Food Processors of*
25          *California, LLC, and Diamond Pet*
            *Food Processors of Ripon, LLC and*
26          *Mark Ferguson*

27

28

3

## AFFIDAVIT OF RICHARD G. CAMPBELL, JR.

STATE OF NEVADA      )
                     ) ss.
COUNTY OF WASHOE     )

I, RICHARD G. CAMPBELL, JR., first being duly sworn, deposes and states as follows:

1.      Affiant is an attorney, duly licensed and authorized to practice law with the courts of the State of California.

2.      Affiant is managing partner of Armstrong Teasdale, LLP's Nevada offices, which represents Petitioners in the case of *Charles McGrothers v Diamond Pet Food Processors of California, LLC, et al.*, filed in the Superior Court of California, San Joaquin County.  Affiant has prepared and read the foregoing *Petition for Removal of Civil Action* and knows the matters set forth to be true and correct to the best of his knowledge.

3.      On September 18, 2013, Affiant caused to be filed with the Clerk of the Superior Court of California, San Joaquin County, a *Notice Removal To Federal Court*, seeking removal of the above-mentioned action to the United States District Court for the Eastern District of California, together with a copy of the *Petition for Removal of Civil Action* and all exhibits thereto.

4.      *Petition for Removal of Civil Action* has been filed with this Court within thirty days after these Petitioners were served with a copy of the Summons and Complaint.

5.      In the Complaint, Plaintiff CHARLES MCGROTHERS alleges violations of the Family and Medical Leave Act and seeks damages according to law and proof of medical condition discrimination, wrongful termination in violation of public policy, violation of FMLA, costs of suit, economic damages, attorneys' fees, expert fees as well as actual, special and punitive damages.

6.      Upon information and belief, it is Affiant's understanding that Plaintiff CHARLES MCGROTHERS was and is a citizen of California, residing in San Joaquin County; that Defendants DIAMOND PET FOOD PROCESSORS OF CALIFORNIA, LLC and DIAMOND PET FOOD PROCESSORS OF RIPON, LLC, were at the time this action was commenced, Missouri Limited Liability Companies; and that Defendant MARK FERGUSON was a citizen residing in San Joaquin

4

1  County California at the time this action was commenced.

2      7.    Affiant caused to be served a copy of *the Notice of Filing Petition for Removal To*

3  *Federal Court* and the *Petition for Removal of Civil Action* upon Plaintiff by depositing in the United

4  States Mail on or around September 18, 2013, in an envelope properly addressed to:

5        David Y. Imai, Esq.
      Law Offices of David Y. Imai

6        311 Bonita Drive
      Aptos, California 95003

7        *Attorney for Plaintiff*

8

9        Affiant further sayeth naught.

10

11        RICHARD G. CAMPBELL, JR.

12      This instrument was signed and sworn to before me on September 18, 2013, by

13  Richard G. Campbell, Jr.

14

15  
ZABETT NELSON-BUZZONE
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 07-2418-2 - Expires April 3, 2015

16  Notary Public
My Commission Expires: 4.3.2015

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** DIAMOND PET FOOD PROCESSORS
*(AVISO AL DEMANDADO):* OF CALIFORNIA LLC, a Missouri
Limited Liability Company; DIAMOND PET FOOD PROCESSORS
OF RIPON, LLC, a Missouri Limited Liability Company; MARK
FERGUSON, an individual with California citizenship; and
DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHARLES MCGROTHERS

THERESA CABLETON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin County Superior Court

| | **CASE NUMBER:**<br>*(Número del Caso):*<br>39-2013-00298428-CU-WT-STK |
|---|---|

222 E. Weber Avenue
Stockton, California, 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Y. Imai, Esq. 311 Bonita Drive, Aptos, California, 95003. Tel. 831-662-1706

ROSA JUNUUEIRO

**DATE:**
*(Fecha)* JUN 1 9 2013

Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  David Y. Imai, Esq. (State Bar #142822)
   Law Offices of David Y. Imai
2  311 Bonita Drive
   Aptos, California 95003
3  Telephone: (831) 662-1706

4  Attorney for Plaintiff CHARLES MCGROTHERS

5

6
                    SUPERIOR COURT OF CALIFORNIA
7
                      COUNTY OF SAN JOAQUIN
8

9
        CHARLES MCGROTHERS              )   CASE NO:
10                                      )
                  Plaintiff,            )
11                                      )   COMPLAINT FOR DAMAGES
                                        )
12          vs.                         )
                                        )
13      DIAMOND PET FOOD PROCESSORS     )
        OF CALIFORNIA, LLC, a Missouri  )   THIS CASE HAS BEEN ASSIGNED TO
14      Limited Liability Company;      )   JUDGE LESLEY D. HOLLAND IN DEPARTMENT 13
        DIAMOND PET FOOD                )   FOR ALL PURPOSES, INCLUDING TRIAL
15      PROCESSORS OF RIPON, LLC, a     )
        Missouri Limited Liability Company; )
16      MARK FERGUSON, an individual    )
        with California citizenship;    )
17      and DOES 1 to 100, inclusive    )
                                        )
18                Defendants            )
                                        )
19

20         Plaintiff, CHARLES MCGROTHERS alleges against defendants and each of

21  them, as follows:

22                          **GENERAL ALLEGATIONS**

23         1.      Plaintiff CHARLES MCGROTHERS(herein "MCGROTHERS") is an

24  individual residing in San Joaquin County, California and is a California citizen.

25         2.      Defendant DIAMOND PET FOOD PROCESSORS OF CALIFORNIA, LLC

26  (herein "DIAMOND CALIFORNIA") is and at all times mentioned herein was a

27  Missouri Limited Liability Company doing business in San Joaquin County, California.

28         3.      Defendant DIAMOND PET FOOD PROCESSORS OF RIPON, LLC (herein

1 "DIAMOND RIPON") is and at all times mentioned herein was a Missouri Limited

2 Liability Company doing business in San Joaquin County, California.

3     4.     Defendant MARK FERGUSON (herein "FERGUSON") is and at all times

4 mentioned herein was a California citizen residing in San Joaquin County, California.

5     5.     Plaintiff does not know the true names and/or capacities, whether

6 individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 to

7 100, inclusive, and plaintiff prays leave to amend this Complaint to allege the true names

8 and/or capacities when the same are ascertained.

9     6.     Plaintiff is informed and believes and therefore alleges that each of the

10 defendants sued herein under the fictitious name of a "Doe" is negligently or in

11 dereliction of duty responsible to said plaintiff for the events and happenings hereinafter

12 set forth.

13     7.     Plaintiff is informed and believes and thereon alleges that at all times herein

14 mentioned, each of the defendants sued herein was the agent and/or employee of each of

15 the remaining Defendants, and each of them, and was at all times acting within the

16 purpose and scope of such agency and employment.

17     8.     Plaintiff is informed and believes and thereon alleges that at all times herein

18 mentioned, such a unity of interest existed as between each of the defendants sued herein

19 that each was the alter ego of the other so that in equity any separateness of form should

20 be disregarded to prevent fraud and injustice.

21     9.     Defendants DIAMOND CALIFORNIA and DIAMOND RIPON are in the

22 business of producing and distributing pet food products. Unless otherwise specified they

23 are referred to collectively herein as "DIAMOND".

24     10.     Plaintiff MCGROTHERS was employed by DIAMOND for approximately

25 8 and one half years as a Mill Receiver at DIAMOND's facility located in Lathrop,

26 California. At the time of his termination, he held the position of Mill Receiver. His

27 duties included such things as testing, storage, sampling and other protocols for incoming

28 ingredients; operating yard-dog and railcar movers; spotting trailers and railcars; scaling

*Complaint For Damages*               2

1 │ trucks; batching operations, among other things.  His stated duties did not include driving
2 │ large trucks on open roads.

3 │     11.    At all times mentioned herein, defendant MARK FERGUSON held direct
4 │ supervisorial authority over plaintiff and was the General Manager of the DIAMOND
5 │ facility located in Lathrop, California where plaintiff worked.

6 │     12.    In 2011 Mr. MCGROTHERS discovered he had intestinal cancer.  After he
7 │ advised DIAMOND of his condition Mr. MCGROTHERS underwent surgery in or about
8 │ September of 2011.  Following surgery, Mr. MCGROTHERS began weekly
9 │ chemotherapy treatment.

10 │     13.    Defendants told Mr. MCGROTHERS that he must obtain a full medical
11 │ release from work when treatment was needed, which he did.

12 │     14.    In or about October 2012, Mr. MCGROTHERS was diagnosed with liver
13 │ cancer.  Again, defendants were notified immediately.  At that time, Mr. MCGROTHERS
14 │ went on protected leave pursuant to the Family Medical Leave Act ("FMLA") to treat his
15 │ condition.  In or about December of 2012, while he was still on FMLA leave, defendants,
16 │ specifically including defendant FERGUSON, informed Mr. MCGROTHERS that his job
17 │ was being changed from Mill Receiver to Truck Driver, driving multi axle trucks on the
18 │ open highways.

19 │     15.    Throughout the rest of his FMLA leave, defendants continued to insist that
20 │ Mr. MCGROTHERS obtain a class "A" license and assume the Truck Driver position,
21 │ despite plaintiff's protests that he could not obtain a class "A" license due to his
22 │ chemotherapy and drug treatments.  When his FMLA leave ended, defendants,
23 │ specifically including defendant FERGUSON, refused to allow plaintiff to return to his
24 │ original position and continued to demand that he drive trucks on the open roads instead.

25 │     16.    Plaintiff continued to tell defendants that he could not safely drive trucks on
26 │ the open roads.  He told defendants that his doctor would not authorize such a job change
27 │ because his chemotherapy treatment and attendant drug prescriptions made him dizzy and
28 │ disoriented, creating a danger if he were driving on open roads.  Further, Mr.

*Complaint For Damages*                      3

1 | MCGROTHERS told defendants that it was unlikely he would be granted a class "A"
2 | license due to his cancer treatments.

3 |     17.    When his FMLA leave ended in January of 2013, defendants cancelled Mr.
4 | MCGROTHERS's group health insurance plan without notice, leaving him uninsured for
5 | his cancer treatment and any other medical treatment. Mr. MCGROTHERS did not
6 | discover this until much later, when he was told by his doctor's office.

7 |     18.    On February 11, 2013, Mr. MCGROTHERS both emailed and personally
8 | handed DIAMOND's Human Resources agent a note from his Oncologist which
9 | confirmed the danger of driving a large truck on the open roads while still under the
10 | effects of cancer treatments.

11 |     19.    In his February 11 letter, his doctor specifically authorized Mr.
12 | MCGROTHERS to return to work to his former position without restrictions, other than
13 | driving trucks on the open roads. His doctor stated expressly that "he is able to continue
14 | with his current job functions, but not drive heavy equipment over the roads". He also
15 | asked that DIAMOND give Mr. MCGROTHERS "any assistance you can afford" to
16 | allow him to return to work.

17 |     20.    There was no response to the request for accommodation and release to
18 | return to work. Instead, two days later, defendants presented Mr. MCGROTHERS with a
19 | letter dated February 13, 2013 which advised that if he did not return to work by
20 | February 18, 2013 he will be considered to have "resigned with notice" and his
21 | employment with the company will be terminated.

22 |     21.    Despite the unrestricted release from his doctor and his willingness to return
23 | to work to his former position without restriction, Mr. MCGROTHERS' employment was
24 | terminated as threatened by defendants.

25 |     22.    Because defendants had cancelled his group medical plan when his FMLA
26 | leave ended in January of 2013 despite the fact that he was fully entitled to insurance
27 | benefits, Mr. MCGROTHERS had to enroll in a private insurance plan to cover the
28 | medical expenses associated with his cancer treatments.

23.     At the time of his termination, plaintiff was qualified and able, with or without reasonable accommodation, to perform the essential functions of his job as Mill Receiver and had been cleared to do so without restriction by his physician.

24.     Defendants' refusal and failure to allow plaintiff to return to work following treatment for his cancer was a willful violation of plaintiff's rights under the California Fair Employment and Housing Act ("FEHA").

25.     Defendants' unilateral decision to change plaintiff's job duties and title while he was under a protected leave violated the California Family Rights Act ("CFRA") and the Federal Family Medical Leave Act.

26.     Defendants' unilateral decision to cancel plaintiff's health insurance benefits violated both the California Family Rights Act, the Federal Family Medical Leave Act and the California Fair Employment and Housing Act.

**FIRST CAUSE OF ACTION**
**(Medical Condition Discrimination)**
**(Gov. Code section 12940(a))**
**(DIAMOND Defendants Only)**

27.     Plaintiff incorporates paragraphs 1 through 26 as though more fully set forth herein.

28.     This action is brought pursuant to the California Fair Employment and Housing Act, Section 12940 et seq. of the Government Code, which prohibits discrimination against a person in the terms, conditions or privileges of employment on the basis of the person's disability or medical condition.

29.     On or about June 17, 2013, plaintiff filed a charge of discrimination with the California Department of Fair Employment And Housing (DFEH). Plaintiff requested, and was granted, a Notice Of Case Closure/Right-To-Sue from the DFEH on June 17, 2013 authorizing him to file his complaint at law.

30.     At the time of the termination of his employment with defendant DIAMOND, plaintiff MCGROTHERS suffered from a "medical condition" as defined by the California Fair Employment and Housing Act.

31.    At all times herein mentioned, plaintiff was otherwise qualified for his position at DIAMOND with or without reasonable accommodation for his medical condition. But for the discriminatory conduct of defendant DIAMOND, and its agents, plaintiff would have continued his employment at DIAMOND.

32.    Defendants intentionally terminated plaintiff because of plaintiff's medical condition.

33.    Defendants' discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of medical condition in violation of Government Code Section 12940 et seq.

34.    As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages/salary, benefits and additional amounts of money plaintiff would have received if plaintiff had not been terminated from him position with defendant DIAMOND. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

35.    As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and will continue to suffer said emotional distress in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at time of trial.

36.    The above-recited actions of defendants, and each of them, in terminating plaintiff's employment were done with malice, fraud or oppression, and in reckless disregard of the plaintiff's rights under the Fair Employment And Housing Act (FEHA). Specifically, defendants have acted intentionally in discriminating against plaintiff with the intent to vex, injure, annoy him and consciously disregarded plaintiff's rights. As a result, plaintiff is entitled to exemplary or punitive damages against the defendants.

37.    Plaintiff is entitled to recovery of his attorney fees in this matter per Government Code section 12965(b).

*Complaint For Damages*                              6

1    WHEREFORE, plaintiff requests judgment as set forth hereinafter.

2    **SECOND CAUSE OF ACTION**
     **(Wrongful Termination in Violation of Public Policy - Medical Condition Discrimination)**
3    **(DIAMOND Defendants Only)**

4    38.    Plaintiff incorporates paragraphs 1 through 37 as though more fully set

5    forth herein.

6    39.    It is the public policy of the State of California as expressed in Government

7    Code Section 12900 et seq. that individuals shall not be discriminated against in their

8    employment on the basis of their medical condition.

9    40.    Plaintiff was terminated from his employment with defendant DIAMOND

10   as a consequence of his medical condition.

11   41.    As a direct and proximate result of defendants' termination of plaintiff in

12   violation of public policy, plaintiff has suffered and will continue to suffer pain and

13   suffering and extreme and severe mental anguish and emotional distress. Plaintiff has

14   suffered and will continue to suffer a loss of earnings and other employment benefits and

15   job opportunities. Plaintiff is hereby entitled to general and compensatory damages in

16   amounts to be proven at trial.

17   42.    Plaintiff is informed and believes and thereon alleges, that the outrageous

18   conduct of defendants described above was done with malice, fraud and oppression; with

19   conscious disregard for his rights; and with the intent design and purpose of injuring

20   plaintiff. Defendant, DIAMOND, through its officers, managing agents, and/or ratified

21   the unlawful conduct of all of the other defendants named in this action. By reason

22   hereof plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

23   according to proof at trial.

24   WHEREFORE, plaintiff requests judgment as set forth hereinafter.

25   **THIRD CAUSE OF ACTION**

26   **(Violation of Family Medical Leave Act/California Family Rights Act - Retaliation -**
     **Termination of Employment)**
27   **(29 USCS §§ 2614, 2615; Gov. Code secs. 12945.2 (l); CCR sec. 7297.7)**
     **(DIAMOND Defendants Only)**

28

*Complaint For Damages*            7

1      43.    Plaintiff incorporates paragraphs 1 through 42 as though more fully set
2 forth herein.

3      44.    On or about June 17, 2013, plaintiff filed a charge with the California
4 Department of Fair Employment And Housing (DFEH) alleging violation of the
5 California Family Rights Act.  Plaintiff requested, and was granted, a Notice Of Case
6 Closure/Right-To-Sue from the DFEH on June 17, 2013, authorizing him to file his
7 complaint at law.

8      45.    During his employment with DIAMOND, plaintiff was granted leave under
9 the Family Medical Leave Act ("FMLA") to treat for cancer.

10      46.    Plaintiff was terminated from DIAMOND in retaliation for taking
11 FMLA/CFRA leave in violation of the Family Medical Leave Act and the California
12 Family Rights Act.

13      47.    Under the CFRA and the FMLA it is unlawful for an employer to deny an
14 employee a benefit of employment as a result of taking FMLA/CFRA leave.

15      48.    As a proximate result of defendants' discriminatory actions against plaintiff,
16 as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the
17 wages/salary, benefits and additional amounts of money plaintiff would have received if
18 plaintiff had not been terminated from his position with defendant DIAMOND.  As a
19 result of such discrimination and consequent harm, plaintiff has suffered such damages in
20 an amount according to proof.

21      49.    As a further proximate result of defendants' discriminatory actions against
22 plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered
23 humiliation, mental anguish, and emotional and physical distress, and will continue to
24 suffer said emotional distress in an amount in excess of the minimum jurisdiction of this
25 Court, the precise amount of which will be proven at time of trial.

26      50.    The above-recited actions were done with malice, fraud or oppression, and
27 in reckless disregard of the plaintiff's rights under the CFRA and the Fair Employment
28 And Housing Act (FEHA).  Specifically, defendants have acted intentionally in

*Complaint For Damages*        8

1  discriminating against plaintiff with the intent to vex, injure, annoy him and consciously

2  disregarded plaintiff's rights.  As a result, plaintiff is entitled to exemplary or punitive

3  damages against the defendants.

4      51.    Plaintiff is entitled to recovery of his attorney fees and expert witness fees

5  in this matter per Government Code section 12965(b), 29 USC sec. 2617(a)(3); 29 CFR

6  sec. 825.400(c).

7          WHEREFORE, plaintiff requests judgment as set forth hereinafter.

8                        **FOURTH CAUSE OF ACTION**
   **(Violation of Family Medical Leave Act/California Family Rights Act - Retaliation -**
9              **Termination of Health Insurance Benefits)**
          **((29 USCS §§ 2614, 2615; Gov. Code secs. 12945.2 (l); CCR sec. 7297.7)**
10                       **(DIAMOND Defendants Only)**

11      52.    Plaintiff incorporates paragraphs 1 through 51 as though more fully set

12  forth herein.

13      53.    On or about June 17, 2013, plaintiff filed a charge with the California

14  Department of Fair Employment And Housing (DFEH) alleging violation of the

15  California Family Rights Act.  Plaintiff requested, and was granted, a Notice Of Case

16  Closure/Right-To-Sue from the DFEH on June 17, 2013, authorizing him to file his

17  complaint at law.

18      54.    During his employment with DIAMOND, plaintiff was granted leave under

19  the Family Medical Leave Act ("FMLA") to treat for cancer.

20      55.    Shortly after he returned from FMLA leave, DIAMOND terminated

21  plaintiff's health insurance, which had been a part of his compensation package as a

22  DIAMOND employee.

23      56.    Plaintiff was not informed that his health insurance had been terminated by

24  DIAMOND and did not become aware until told by his doctor's office when he attempted

25  to continue treatment for his cancer.

26      57.    Under the CFRA and the FMLA it is unlawful for an employer to deny an

27  employee a benefit of employment as a result of taking FMLA/CFRA leave.

28

*Complaint For Damages*                    9

58.   As a result of, and in retaliation for having taken protected medical leave, DIAMOND unlawfully terminated plaintiff's accrued health insurance benefits.

59.   As a proximate result of defendants' retaliatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the health insurance benefits he otherwise would have received.  Plaintiff has suffered such damages in an amount according to proof.

60.   As a further proximate result of defendants' retaliatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and will continue to suffer said emotional distress in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at time of trial.

61.   The above-recited actions were done with malice, fraud or oppression, and in reckless disregard of the plaintiff's rights under the CFRA and the Fair Employment And Housing Act (FEHA).  Specifically, defendants have acted intentionally in discriminating against plaintiff with the intent to vex, injure, annoy him and consciously disregarded plaintiff's rights.  As a result, plaintiff is entitled to exemplary or punitive damages against the defendants.

62.   Plaintiff is entitled to recovery of his attorney fees and expert witness fees in this matter per Government Code section 12965(b), 29 USC sec. 2617(a)(3); 29 CFR sec. 825.400(c).

WHEREFORE, plaintiff requests judgment as set forth hereinafter.

## FIFTH CAUSE OF ACTION

**(Violation of Family Medical Leave Act/California Family Rights Act - Failure to Restore To Original Position)**
**(29 USCS § 2614(a); Gov. Code sec. 12945.2(a); 2 CCR 7297.2 )**
**(DIAMOND Defendants Only)**

63.   Plaintiff incorporates paragraphs 1 through 62 as though more fully set forth herein.

64.   On or about June 17, 2013, plaintiff filed a charge with the California Department of Fair Employment And Housing (DFEH) alleging violation of the

*Complaint For Damages*                    10

1   California Family Rights Act.  Plaintiff requested, and was granted, a Notice Of Case

2   Closure/Right-To-Sue from the DFEH on June 17, 2013, authorizing him to file his

3   complaint at law.

4       65.   During plaintiff's FMLA/CFRA protected medical leave, defendants

5   changed the duties of plaintiff's job to require him to drive trucks on the open roads, a

6   duty which plaintiff's position did not require prior to his taking his protected leave.

7       66.   Defendants continued to require that plaintiff drive trucks on the open roads

8   as part of his job duties when he was ready, willing and able to return to his original

9   position after his FMLA/CFRA protected leave had ended.

10      67.   Defendants' substantially changing of plaintiff's job duties during and after

11  his protected leave violated the FMLA, CFRA and the California Code of Regulations.

12      68.   Because plaintiff was unwilling and unable to safely drive trucks on the

13  open road, defendants terminated plaintiff's employment,

14      69.   As a proximate result of defendants' discriminatory actions against plaintiff,

15  as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the

16  wages/salary, benefits and additional amounts of money plaintiff would have received if

17  plaintiff had not been terminated from his position with defendant DIAMOND.  As a

18  result of such discrimination and consequent harm, plaintiff has suffered such damages in

19  an amount according to proof.

20      70.   As a further proximate result of defendants' discriminatory actions against

21  plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered

22  humiliation, mental anguish, and emotional and physical distress, and will continue to

23  suffer said emotional distress in an amount in excess of the minimum jurisdiction of this

24  Court, the precise amount of which will be proven at time of trial.

25      71.   The above-recited actions were done with malice, fraud or oppression, and

26  in reckless disregard of the plaintiff's rights under the CFRA and the Fair Employment

27  And Housing Act (FEHA).  Specifically, defendants have acted intentionally in

28  discriminating against plaintiff with the intent to vex, injure, annoy him and consciously

92.    On or about June 17, 2013, plaintiff filed a charge with the California Department of Fair Employment And Housing (DFEH) alleging violation of the California Family Rights Act. Plaintiff requested, and was granted, a Notice Of Case Closure/Right-To-Sue from the DFEH on June 17, 2013, authorizing him to file his complaint at law.

93.    At all times mentioned herein, defendant MARK FERGUSON was the General Manager of the DIAMOND facility located in Lathrop, California where plaintiff worked. Defendant FERGUSON was directly and personally responsible for the actions complained of herein above and either personally took those actions against plaintiff or directed that they be done.

94.    Defendants continually harassed plaintiff with unreasonable and outrageous demands, including the unlawful demand that he begin driving large trucks over open roads in order to keep his job, a requirement which would have endangered both the plaintiff's life and the safety of the public in general due to the effects of the chemotherapy and drug treatment which plaintiff was undergoing at the time. Defendants were aware of said dangers, but repeatedly pressed their demands for months during and after plaintiff's CFRA/FMLA leave. Plaintiff continually objected until he was finally terminated for refusing to adhere to defendants' dangerous, unreasonable and unlawful demands.

95.    Defendants were aware of plaintiff's highly emotional and vulnerable condition resulting from his medical condition. Despite this awareness, defendants refused to allow plaintiff to keep his job or his health insurance benefits in violation of his statutory rights and thereby adding to plaintiff's already fragile emotional state by placing him in great financial peril, causing his further severe stress, anxiety, fear and emotional injury.

96.    The conduct taken by defendants as against plaintiff was severe and pervasive and altered the conditions of his employment with DIAMOND to the point that defendants stripped him of his insurance coverage, leaving him without insurance to pay

*Complaint For Damages*                    19

1   worked. Defendant FERGUSON was directly and personally responsible for the actions
2   complained of herein above and either personally took those actions against plaintiff or
3   directed that they be done.

4        103.    Defendants' conduct against plaintiff was outrageous and extreme and
5   included such things as terminating his health insurance and wrongfully terminating his
6   employment leaving him without either insurance coverage for his medical bills or
7   income to continue treating his potentially lethal cancer.

8        104.    Defendants continually harassed plaintiff with unreasonable and outrageous
9   demands, including the unlawful demand that he begin driving large trucks over open
10  roads in order to keep his job, a requirement which would have endangered both the
11  plaintiff's life and the safety of the public in general due to the effects of the
12  chemotherapy and drug treatment which plaintiff was undergoing at the time. Defendants
13  were aware of said dangers, but repeatedly pressed their demands for months during and
14  after plaintiff's CFRA/FMLA leave. Plaintiff continually objected until he was finally
15  terminated for refusing to adhere to defendants' dangerous, unreasonable and unlawful
16  demands.

17       105.    Defendants were aware of plaintiff's highly emotional and vulnerable
18  condition resulting from medical condition. Despite this awareness, defendants refused to
19  allow plaintiff to keep his job or his health insurance benefits in violation of his statutory
20  rights and thereby adding to plaintiff's already fragile emotional state by placing him in
21  great financial peril, causing his further severe stress, anxiety, fear and emotional injury.

22       106.    Defendants's actions were extreme and outrageous and knowingly and/or
23  with reckless disregard caused plaintiff great anxiety and severe emotional distress. As a
24  direct and proximate result of defendants' actions, plaintiff has suffered and will continue
25  to suffer pain and suffering, and extreme and severe mental anguish and emotional
26  distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to
27  be proven at trial.

28

*Complaint For Damages*                    17

1 | plaintiff, including but not limited to, loss of sleep, anxiety, tension, depression and
2 | humiliation.

3 | 113.   At all times material herein, defendants, and each of them, knew or in the
4 | exercise of reasonable care should have known, that unless defendants, and each of them,
5 | intervened to protect plaintiff and to adequately supervise, prohibit, control, regulate,
6 | discipline and/or otherwise penalize the conduct, acts and failures to act, of defendant
7 | DIAMOND and/or supervisors, agents or employees of defendant as alleged herein
8 | above, said conduct, acts and failure to act would continue, thereby subjecting plaintiff to
9 | personal injury and emotional distress

10 | 114.   At all times material herein, defendants, and each of them, had the power,
11 | ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline
12 | and/or penalize the conduct of all other defendants and/or supervisors, agents or
13 | employees as described herein above.

14 | 115.   Despite said knowledge, power and duty, defendant negligently failed to act
15 | so as to prevent, supervise, prohibit, control, regulate, discipline and/or otherwise
16 | penalize said conduct, acts and failures to act, or to otherwise protect plaintiff.

17 | 116.   As a direct and proximate result of the failure of defendants to protect
18 | plaintiff, and to adequately supervise, prohibit, control, regulate, discipline and/or
19 | penalize the conduct complained of herein, said failures to act were perceived by
20 | defendants, and in fact had the effect of ratifying, encouraging, condoning, exacerbating,
21 | increasing and/or worsening said conduct, acts and failures to act.

22 | 117.   As a direct and proximate result of defendants' actions, plaintiff has
23 | suffered and will continue to suffer pain and suffering, and extreme and severe mental
24 | anguish and emotional distress, she has suffered and will continue to suffer a loss of
25 | earnings and other employment benefits and job opportunities  Plaintiff is thereby
26 | entitled to general and compensatory damages in amounts to be proven at trial.

27 | WHEREFORE; plaintiff prays for relief as follows:

28 | a)      For general damages according to law and proof;

1       **b)**     **For special** damages according to law and proof;

2       **c)**     **For exemplary** damages according to law and proof;

3       **d)**     **For costs** of suit.

4       **e)**     **For interest** on all economic damages;

5       **f)**     **For reasonable** attorney's fees;

6       **g)**     **For reasonable** expert witness fees, as incurred, and.

7       **h)**     **For such** other and further relief as the Court may deem

8  proper.

9       DATED: 6/17/13

10               David Y. Imai, Esq.
                    Attorney for Plaintiff
                    CHARLES MCGROTHERS

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:               Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐  **Notice of Intent to Appear by Telephone, by** *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served *(specify names and explain why not):*
       (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
       (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in  ☐  complaint    ☐  cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  **Provide a brief statement of the case,** including any damages. *(If personal injury damages are sought, **specify the injury and damages claimed, including medical expenses** to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated** future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                          f.  Fax number:
e.  E-mail address:                                             g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** *(if available)*.
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy **does not exceed the statutory limit.**
(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. **Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in** *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the **case have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| **(1) Mediation** | [ ] | [ ] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)* |
| **(2) Settlement conference** | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for **(date)**:<br>[ ] Agreed to complete settlement conference by **(date)**:<br>[ ] Settlement conference completed on **(date)**: |
| **(3) Neutral evaluation** | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by **(date)**:<br>[ ] Neutral evaluation completed on *(date)*: |
| **(4) Nonbinding judicial arbitration** | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by **(date)**:<br>[ ] Judicial arbitration completed on *(date)*: |
| **(5) Binding private arbitration** | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by **(date)**:<br>[ ] Private arbitration completed on *(date)*: |
| **(6) Other (specify):** | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by **(date)**:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ **This is a limited civil case** (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ **This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed** (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**20. Total number of pages attached (if any):**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | ▶ (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | ▶ (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

## SUPERIOR COURT OF CALIFORNIA

### SAN JOAQUIN

222 E Weber Avenue

Stockton , CA 95202

(209) 468-2355

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number 39-2013-00298428-CU-WT-STK

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if the date has expired.

| Hearing: Case Management Conference | Date: 11/18/2013 | Time: 00:30:00 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Hon. Lesley D Holland | STOCKTON | 13 | (209) 468-2355 |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

| Judicial Scheduling Calendar Information |
|---|
| See attached ADR packet |
| **Ex Parte Matters** |
| See attached ADR packet |
| **Noticed Motions** |
| At least one party demanding a jury trial on each side must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute. CCP 631(b) |
| **Other Information** |
| See attached ADR packet |

Date:  06/19/2013

Theresa Carleton _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING**

V3 INIT 100 (June 2004)