UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES McGROTHERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIAMOND PET FOOD PROCESSORS OF CALIFORNIA, LLC, et al.,<br><br>　　　　Defendants. | No. 2:13-CV-01939-MCE-DAD<br><br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Charles McGrothers ("Plaintiff") seeks relief from Defendants Diamond Pet Food Processors of California, LLC ("Diamond California"); Diamond Pet Food Processors of Ripon, LLC ("Diamond Ripon"); and Mark Ferguson (collectively "Defendants") for various federal and state law claims arising from Defendants' termination of Plaintiff's employment. Presently before the Court is Plaintiff's Motion to Remand ("Motion").[1] Mot., Oct. 11, 2013, ECF No. 6.

///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

Plaintiff worked as a Mill Receiver for Diamond California and Diamond Ripon for eight years at their facility in Lathrop, California.  Defendant Ferguson was Plaintiff's direct supervisor and was the General Manager at the Lathrop facility.  In 2011, Plaintiff was diagnosed with intestinal cancer and underwent surgery, and subsequently underwent chemotherapy.  In 2012, Plaintiff was diagnosed with liver cancer, and took medical leave to treat his condition.  During his leave, Defendants informed Plaintiff that his job was being changed from Mill Receiver to Truck Driver, which required driving multi-axle trucks on the highway.  Defendants insisted that Plaintiff obtain a class "A" license, despite Plaintiff's protests that he could not obtain such a license, or drive such vehicles, while undergoing chemotherapy and drug treatments.  According to Plaintiff, chemotherapy and the drug treatments made him dizzy and disoriented, rendering him unable to safely operate a vehicle.

In January 2013, Plaintiff's medical leave ended.  Defendants did not allow Plaintiff to assume his former position and continued to insist that he assume the Truck Driver position.  Plaintiff again refused, and informed Defendants that his doctor would not authorize such a job change.  Defendants then cancelled Plaintiff's medical benefits without giving Plaintiff notice, leaving Plaintiff without health insurance to cover his cancer treatments.  Plaintiff's oncologist wrote a letter, which Plaintiff gave to Defendants' Human Resources agent, explaining that it was dangerous for Plaintiff to drive a truck, and that Plaintiff was medically cleared to work, however, in his original position as a Mill Receiver.  Two days later, Defendants sent a letter to Plaintiff stating that if he did not return to work as a truck driver by February 18, 2013, Defendants would consider Plaintiff to have resigned.  Plaintiff was subsequently terminated, and as a result, forced to enroll in a private insurance plan to cover the medical expenses associated with his cancer treatments.

---

[2] The following recitation of facts is taken from Plaintiff's First Amended Complaint.  FAC at 1-5.

Plaintiff originally brought suit against Defendants in the Superior Court of California, San Joaquin County.  Notice of Removal 2, Sept. 18, 2013, ECF No. 1.  Defendant removed this case on the basis of federal question jurisdiction, as Plaintiff alleged claims under the Family Medical Leave Act.  Id.  Plaintiff then filed a First Amended Complaint, containing only state law claims.  FAC, Oct. 11, 2013, ECF No. 5.  That same day, Plaintiff filed the instant Motion.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) diversity jurisdiction under 28 U.S.C. § 1332, and (2) federal question jurisdiction under 28 U.S.C. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  Id. § 1332(a)(1)-(2).  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  Even if a civil action is based in part on claims over which a federal court would ordinarily lack jurisdiction, the case may be removed if it includes at least one claim giving rise to federal jurisdiction.  Id. § 1441(c).  Upon removal, the court can exercise supplemental jurisdiction over "claims that are so related to claims in the action [giving rise to federal jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution."  Id. § 1367(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

///

///

However, where a plaintiff dismisses all claims giving rise to federal question jurisdiction, leaving only claims over which the court exercises supplemental jurisdiction, the court does not lack subject matter jurisdiction.  Rather, the court may choose to continue to exercise supplemental jurisdiction over those claims, or may exercise its discretion to remand the case to state court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988).  Thus, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). "It is well settled that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (internal quotations and citations omitted).

"The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Thus, on a motion to remand, the removing defendant has the burden of establishing federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## ANALYSIS

Plaintiff, having dismissed his causes of action arising under federal law, argues the Court should decline to exercise supplemental jurisdiction over the state law claims and should remand this case to the Superior Court of California.  In Carnegie-Mellon University v. Cohill, the Supreme Court held that a district court should balance four factors—judicial economy, convenience, fairness, and comity—and exercise its discretion when deciding whether to retain supplemental jurisdiction over state law claims.  484 U.S. at 351.

///

However, Carnegie-Mellon was decided under 28 U.S.C. § 1367(c)(3), which provides that "the district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added); Carnegie-Mellon, 484 U.S. 343. In this case, Plaintiff, rather than the district court, dismissed the federal claims. This case therefore does not fall strictly within the ambit of § 1367.

Nonetheless, the policies addressed in Carnegie-Mellon apply to the instant case, and other courts have used the Carnegie-Mellon analysis to determine whether remand is appropriate when the plaintiff has dismissed all claims giving rise to federal question jurisdiction. See, e.g., Bernard v. Wells Fargo Bank, Nat'l Ass'n, CIV. S-12-1980 LKK, 2012 WL 5187990 (E.D. Cal. Oct. 18, 2012); Gilroy v. City of Bakersfield, 1:11-CV-01231 LJO JLT, 2011 WL 4375012 (E.D. Cal. Sept. 19, 2011), adopted, 2011 WL 4770191 (E.D. Cal. Oct. 7, 2011). Accordingly, the Court finds it is appropriate to apply the analysis prescribed in Carnegie-Mellon to the instant Motion.

Under Carnegie-Mellon, as indicated above, the Court must consider "the values of judicial economy, convenience, fairness, and comity" in deciding whether remand is warranted. 484 U.S. at 350. Additionally, the Court must consider attempts by Plaintiff to "manipulate the forum." Id. at 357.

Here, considerations of judicial economy strongly favor remand. "Remand is inadvisable in cases 'where the trial date is imminent or where the federal court has performed a substantial amount of legal analysis that would need to be repeated by the state court if the case were remanded.'" Bernard, 2012 WL 5187990, at *3 (quoting Millar v. Bay Area Rapid Transit Dist., 236 F.Supp.2d 1110, 1116 (N.D. Cal. 2002)). By contrast, when the federal law claims are dropped in the early stages of the suit and only claims based on state law remain, "the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n.7.

///

1  In this case, as in <u>Bernard</u>, the proceedings are at an early stage. Defendants have not
2  answered the First Amended Complaint, and the only filings to date are the pleadings,
3  this Motion, and filings related to this Motion. The Court has not held an initial
4  scheduling conference under Federal Rule of Civil Procedure 16, nor has the Court set
5  the timeframes for discovery. Accordingly, remanding the case will not cause the state
6  court to repeat work undertaken by this Court, and no judicial economy will be lost.

7  Additionally, the pleadings and other papers indicate that the facts giving rise to
8  this litigation took place in San Joaquin County, where Plaintiff, Defendant Ferguson,
9  and several witnesses are located. There is no indication that any of the parties involved
10 have any logistical connection to the Sacramento area. In light of the convenience to
11 these individuals of litigating the case in San Joaquin County, the consideration of
12 convenience also weighs in favor of remand.

13 Finally, "as a matter of comity," federal courts should avoid "[n]eedless decisions
14 of state law." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).
15 Accordingly, this factor also favors remand.

16 Plaintiff has clearly made some efforts to have this suit proceed in state court, as
17 the case was originally filed there and Plaintiff has since eliminated the federal claims
18 and now seeks remand. However, there is no "categorical prohibition on the remand of
19 cases involving state-law claims" simply because Plaintiff has engaged in some form of
20 forum manipulation. <u>Carnegie-Mellon</u>, 484 U.S. at 357. Moreover, Plaintiff's efforts to
21 proceed in state court are not "manipulative" to the extent that remand is inappropriate,
22 and on balance, the factors strongly indicate these claims are best litigated in state court.
23 Accordingly, Plaintiff's Motion is GRANTED.
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Remand is GRANTED, ECF No. 6;

2. This case is remanded to the Superior Court of California, County of San Joaquin; and

3. The clerk of the Court is directed to close the case.

Dated:  November 26, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT